UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH PHILLIPS on Behalf of Himself And All Others Similarly Situated, | ) Case No.: 1:18-cv-00541-SJD ) ) Judge Susan J. Dlott |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THE CITY OF CINCINNATI, | ) MOTION FOR TEMPORARY ) RESTRAINING ORDER WITH |
| Defendant. | ) SUPPORTING MEMORANDUM ) |

Plaintiff moves this Court, pursuant to Fed. R. Civ. P. 65(b), for a Temporary Restraining Order enjoining the Defendant City of Cincinnati ("City") from removing those sheltered on Third Street between Main and Central Avenue, and from removing those sheltered along Washington Way, on August 3, 2018 at 2:00 p.m.; and enjoining the City from enforcing Policy 12.111, "Police Interaction with Homeless Encampments" ("Policy 12.111").

As explained in the Complaint filed in this action, the City's conduct violates its citizens' constitutional right to travel, free speech, privacy, due process, and equal protection. And as explained in the Complaint, the City's conduct has subjected the Plaintiff, and others similarly situated, to cruel and unusual punishment.

The issuance of a temporary restraining order will maintain the status quo as it existed prior to the City's threat to engage unconstitutional conduct on August 3. As a result of City's conduct, Plaintiff and others similarly situated have suffered, and will continue to suffer, immediate and irreparable harm. Plaintiffs have nowhere else to go.

The grounds for this Motion are set forth more fully in the following Memorandum in Support. Given the desperate circumstances Plaintiff and the putative class are currently in, no bond should be required. A proposed Order is tendered herewith.

A Rule 65 Affidavit of Counsel is attached to demonstrate the effort of the undersigned counsel to contact Defendants, and to demonstrate why a temporary restraining order should be issued even in the absence of notice to Defendants. (See attached Affidavit of B. Allen).

Respectfully Submitted,

/s/ Bennett Allen

Bennett P. Allen (96031)
David M. Cook (23469)
COOK & LOGOTHETIS, LLC
30 Garfield Place, Suite 540
Cincinnati, OH 45202
P: (513) 287-6992
F: (513) 721-1178
dcook@econjustice.com
ballen@econjustice.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH PHILLIPS on Behalf of Himself And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CINCINNATI,<br><br>Defendant. | Case No.: 1:18-cv-00541-SJD<br><br>Judge Susan J. Dlott<br><br><br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF |

## I. INTRODUCTION

Plaintiff Joseph Phillips has lived in Cincinnati 18 years. It has been 10 years since Mr. Phillips had indoor shelter, and he has lived at the Third Street Camp two-and-a-half months. On July 31, 2018, the City posted and distributed notices in and around the Third Street Camp advising Mr. Phillips and others that the "area will be closed for cleaning and maintenance on Friday, August 3, 2018 from 2pm until work is completed." The notice advised the reader to vacate the area, and that any personal property left behind would be considered abandoned.

To prevent further irreparable harm, Plaintiff on behalf of himself and all other similarly situated, respectfully request an order from this Court (1) enjoining the City from removing those sheltered in the Third Street Camp, and from removing those sheltered along Washington Way; and (2) enjoining the City from enforcing Policy 12.111, "Police Interaction with Homeless Encampments" ("Policy 12.111"), against anyone regardless of their living situation.

## II. BACKGROUND

For years, people have been living on Cincinnati's Third Street, between Walnut Street and Vine Street, in tents and other makeshift shelters (the "Third Street Camp"). For the past year, up

40 people have been living along Cincinnati's Washington Way in tents and other makeshift shelters (the "Washington Way Camp").

On July 27, 2018, the City arrested the citizens living in the Washington Way Camp and destroyed their property, without regard for whether it was *bona fide* trash, in violation of Policy 12.111.

On July 31, 2018, the City posted and distributed notices in and around the Third Street Camp advising that the "area will be closed for cleaning and maintenance on Friday, August 3, 2018 from 2pm until work is completed." The notice advised the reader to vacate the area, and that any personal property left behind would be considered abandoned.

If removed from their encampment, Plaintiff Joseph Phillips and other similarly situated do not know where they will go for shelter.

### III. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure gives the Court discretion to grant injunctive relief to preserve the relative positions of the parties until a trial on the merits can be held. *Tennessee Scrap Recyclers Association v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). In considering whether to issue an injunction, a court considers the following factors: (1) whether the movant has demonstrated a likelihood of success on the merits; (2) whether the movant would suffer irreparable harm absent the injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether granting the injunction would serve the public interest. *Id.*

To satisfy its burden, the movant must show that the irreparable harm is both certain and immediate, rather than speculative or theoretical. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir.1991). The movant must also establish

2

more than mere monetary injury. The possibility that adequate compensation or other remedies will be available in the ordinary course of litigation weighs heavily against claims of irreparable harm. *Sampson v. Murray,* 415 U.S. 61, 90 (1974). However, if the plaintiff's injury is not fully compensable from monetary damages, the harm caused by the denial of a preliminary injunction is irreparable. *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566 (6th Cir.2002).

### IV. ARGUMENT

Plaintiffs' motion for a, preliminary and permanent injunction should be granted because (1) the Plaintiffs will likely succeed on the merits in that it can hardly be disputed that sidewalks are traditionally public forms in which to exercise one's right to political speech; (2) absent injunction, Plaintiff and members of the putative class are certain to suffer immediate and irreparable harm to their constitutional rights; (3) enjoining the Defendant from removing people sheltered in public spaces would not cause any harm; and because (4) enjoining the Defendant from removing people sheltered in public spaces would not cause any harm serves the best interests of Cincinnati's homeless citizens and their neighbors.

#### A. Success on the Merits

1. *Plaintiff is Likely to Succeed on the Merits of His Claims in that Silencing Speech in a Public Forum, Based on its Content, is a Violation of the Constitutional Right to Free Speech.*

Sidewalks are traditional public forums. The City may restrict political speech in public forums only if the restriction is a narrowly-tailored, content-neutral time, place and manner regulations that leaves open ample means of alternative communication. *See, e.g., Hague v. Commt. for Indus. Org.,* 307 U.S. 496 (1939).

By living on Third Street, along Washington Way, or anywhere open and obvious to the public, Plaintiffs and putative class members are engaged in symbolic political speech calling attention to the City's affordable housing crisis. Because Plaintiffs and putative class members are engaged in symbolic political speech, they have not only the privilege but the right to remain on land owned, controlled, or in the custody of the City pursuant to R.C. § 2911.21(A) and (B) notwithstanding City Policy 12.111.

If the City's enforcement of Policy 12.111 is unconstitutional, it necessarily follows that all of the City's subsequent interactions with homeless encampments, if conducted solely pursuant to Policy 12.111, are unconstitutional. *See Mapp v. Ohio*, 367 U.S. 643 (1961); *and Wong Sun v. United States*, 371 U.S. 471 (1963).

## B. Irreparable Harm

### 1. *Plaintiff Demonstrates a Likelihood of Success on the Merits of Constitutional Claims, and Therefore Irreparable Harm is Presumed with Respect to those Claims.*

"The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer." *Northeastern Ohio Coalition for Homeless & Service Employees International Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). To meet her burden, Plaintiff must show that the irreparable harm is immediate, rather than speculative or theoretical. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). "In addition, and of critical importance, 'the irreparable harm requirement contemplates the inadequacy of alternate remedies available to the plaintiff.'" *Contech Casting, LLC v. ZF Steering Sys., LLC*, 931 F. Supp. 2d 809, 818 (E.D. Mich. 2013) (quoting *Smith & Nephew, Inc. v. Synthes (U.S.A.)*, 466 F. Supp. 2d 978, 982 (W.D. Tenn. 2006)). "If a Plaintiff cannot get redress for [her] injuries through alternate legal remedies, it follows that

4

[she] will suffer irreparable harm." *United States v. Miami Univ.*, 91 F.Supp.2d 1132, 1159 (S.D. Ohio 2000).

The "denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). And the Plaintiff is entitled to a presumption of irreparable harm if she demonstrates a likelihood of success on his constitutional claims. *See, e.g., Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (recognizing that the loss of First Amendment rights, for even a minimal period of time, constitutes irreparable harm); *Spencer v. Blackwell*, 347 F. Supp. 2d 528, 537 (S.D. Ohio 2004) (finding irreparable harm where Ohio statute would impair right to vote); *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Here, Plaintiff and all others similarly situated have suffered, and or are certain to suffer, a violation of their constitutional right to travel, free speech, privacy, due process, and equal protection, in addition to a deprivation of their right against cruel and unusual punishment. Thus, Plaintiff and members of the putative class enjoy a presumption of irreparable harm.

### C. Substantial Harm to Others

No entity will be harmed, and when balancing the irreparable harm to the Plaintiff against the lack of harm to Defendant, this factor weighs in favor of the Plaintiff and putative class members.

### *1. Injunction will not Harm Others in that the Relief Sought is Limited to Injunctive Relief Prohibiting the City from Enforcing Policy 12.111.*

Granting an injunction will not harm any entity because the relief sought is limited to injunctive relief prohibiting the City from enforcing Policy 12.111. That is, an order from this Court granting the relief sought will not cause the City to disburse or forego any revenue.

5

Unsubstantiated statements from City officials regarding public-health concerns do not constitute a *bona fide* threat of harm. Indeed, such statements more properly belong in centuries past.

**D. The Impact of Injunction on the Public Interest**

The public interest weighs in favor of granting an injunction in that the relief sought is consistent with the City's duty to protect the rights, privileges, and immunities of its citizens.

> 1. <u>Granting the Injunctive Relief Sought Serves the Best Interest of the City's Homeless Citizens and Their Neighbors.</u>

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 2.

Here, the public interest weighs in favor of granting an injunction in that the relief sought is consistent with the City's duty to protect its citizens' right to travel, free speech, privacy, due process, and equal protection. The relief sought is also consistent with the City's duty to refrain from engaging in cruel and unusual punishment.

Denying citizens the necessity of a place to live violates their fundamental right to travel. *See, e.g., Memorial Hosp. v. Maricopa County*, 415 U.S. 250 (1974) (Laws illegally penalize travel if they deny a person a "necessity of life.") *and Pottinger v. City of Miami*, 76 F.3d 1154 (11th Cir. 1996) (If people are arrested for sleeping in public, those arrests have the effect of preventing homeless people from moving within a city or traveling to a city, thereby infringing on their right to travel.).

Here, the City has denied Plaintiff and putative class members the necessity of place to live in violation of their fundamental right to travel. Indeed, on July 30, the City's Vice Mayor

6

Christopher Smitherman said that the City must "send a message (about) putting up tents because now somebody might say 'I want to put up a tent and go to Clifton. I now want to go to Bond Hill.'" Such statements demonstrate an intent to restrict and infringe upon a citizen's right to travel with the City.

Removing the Third Street Camp and Washington Way Camp restricts citizens' First Amendment right to engage in political speech calling attention to the City's affordable housing crisis, among other issues. Political speech is jealously guarded, and the desire to assuage the guilt of passersby is not a compelling interest sufficient to justify the City's restriction of that right. Baseless allegations of a public health risk are also not sufficient to justify the City's restriction of the right to free speech in a public forum.

## V.  CONCLUSION

To prevent further irreparable harm, Plaintiff on behalf of himself and all other similarly situated, respectfully request an order from this Court (1) enjoining the City from removing those sheltered in the Third Street Camp, and from removing those sheltered along Washington Way; and (2) enjoining the City from enforcing Policy 12.111 against anyone regardless of their living situation.

To allow the City to chase a group of homeless citizens from one campsite to another is to permit already strained resources to be squandered in a most shameful charade.

Respectfully Submitted,

/s/ Bennett Allen

Bennett P. Allen (96031)
David M. Cook (23469)
COOK & LOGOTHETIS, LLC
30 Garfield Place, Suite 540
Cincinnati, OH 45202

P: (513) 287-6992
F: (513) 721-1178
dcook@econjustice.com
ballen@econjustice.com
*Attorneys for Plaintiffs*